# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 21-167 (ADM/BRT) |
| Plaintiff, | |
| v. | |
| David Ionel Bojidar, | **ORDER** |
| Defendant. | |

David P. Steinkamp, Esq., and Justin A. Wesley, Esq., United States Attorney's Office, counsel for Plaintiff.

Peter B. Wold, Esq., Wold Morrison Law, counsel for Defendant Bojidar.

Defendant has filed three pretrial motions, and the Government has filed a motion for discovery in this matter. Counsel for both parties agreed that a hearing on the motions was not necessary and that the Court could rule on the papers submitted. Based on the file and documents contained herein, along with the me moranda and arguments of counsel, the Court makes the following Order:

1. **Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks

notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant filed no objection to the motion. Therefore, Defendant is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 **(Doc. No. 62)** is **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **14 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **7 days** before trial.

    2.    **Defendant's Motion for Disclosure of Rule 404(b) Evidence.** Defendant moves for disclosure of any bad acts or similar course of conduct evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404, and requests disclosure no later than thirty days before trial. Defendant's Motion for Disclosure of 404(b) Evidence **(Doc. No. 63)** is **GRANTED** to the extent that the Government must disclose Rule 404 evidence no later than **14 days** prior to trial, which is the timing that this Court typically requires such disclosure. The motion is **DENIED** to the extent that the Jencks

Act protects disclosure, and identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

    **3.**    **Defendant's Motion for Discovery Pursuant to Fed. R. Crim. P. 16.**

Defendant seeks an order requiring the Government to disclose all written, recorded, or oral statements made by Defendant, the substance of any oral statement made by Defendant, and Defendant's prior record. In addition, Defendant seeks disclosure of certain objects, including photographs, that are material to the preparation of the defense or are intended for use by the Government as evidence-in-chief at the trial, or were obtained from or belonged to Defendant, and disclosure of any reports or documents related to scientific tests or experiments made in connection with this case, or copies thereof. Defendant also seeks a written summary of any testimony that the Government intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence. The Government must continue to disclose evidence as required by the rules and pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and as subsequently delineated in the case law, including limitations upon the Government's obligation. Therefore, Defendant's Motion for Discovery Pursuant to Fed. R. Crim. P. 16 **(Doc. No. 64)** is **GRANTED** to the extent that it conforms to the scope of Rule 16, and pursuant to *Brady* and other case law regarding the Government's disclosure obligations. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed. The motion is **DENIED** to the extent that the Jencks Act

3

protects disclosure, and identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **14 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **7 days** before trial.

  **4.**  **Defendant's Motion to Retain Agents' Notes.** Defendant moves for an order requiring law enforcement agents, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation into this case. Defendant's Motion to Retain Agents' Notes **(Doc. No. 65)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

  **5.**  The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Ann D. Montgomery.

Date:  September 22, 2021

                       *s/ Becky R. Thorson*
                       BECKY R. THORSON
                       United States Magistrate Judge